UNION PAC. R. CO. (UNITED STATES v.).
See Cases Nos. 16,598–16,601.

UNION PAC. R. CO. (WARDELL v.). See
Case No. 17,164.

---

## Case No. 14,385.

### UNION PAC. R. CO. v. WATTS.

[2 Dill. 310.] [1]

Circuit Court, D. Nebraska. 1872.

RAILROAD COMPANIES — CONSTRUCTION OF LAND
GRANT.

1. The land grant to the Union Pacific Railroad Company (12 Stat. 492, § 3) excepts, inter alia, lands to which homestead claims had attached at the time the line of the railroad was definitely fixed: *Held*, that this exception did not operate in favor of a sham and fraudulent homestead claim.

2. What would constitute such a claim, illustrated.

Ejectment for one hundred and sixty acres of land. No questions arise on the pleadings. The plaintiff introduced a patent for the land in dispute, dated February 23, 1871, made under the act incorporating the plaintiff, July 1, 1862 (12 Stat. 489), and rested. Defendant [James R. Watts] was in actual possession, and claimed that this land was excepted out of the grant to the plaintiff, of July 1, 1862 (12 Stat. 492, § 3), because before the definite location of the plaintiff's line of road there was a homestead right thereon in favor of one Peter Hugus. On the trial the defendant offered evidence of the filing of papers by Hugus, December 5, 1863, to obtain a homestead right under the act of congress in that behalf. Plaintiff, in rebuttal, produced the said Hugus as a witness, who testified, in substance, as follows: "I am same person that, on December 5, 1863, made a homestead filing on this quarter section; never made but one such filing: I had never seen this land before I made that filing; I made it as a great many others made them in those days; four of us agreed to build one house on the four corners of the section; two of them abandoned the scheme, and when they did, I gave the whole thing up, and we never went on to this land; never made any improvement upon it; I lived in Omaha then, and ever since, and never moved on to the land, and never saw it. Afterwards, Mr. Davis, land agent of the Union Pacific Railroad Company, called upon me, and refunded what I had paid, about $10, and I relinquished my right to the company; I never had any intention of improving this land or of moving on to or entering it; I did not know where it was, except that it was between the Elkhorn and Platte rivers; the land office at the time was in Omaha." On cross-examination, he said: "I was a citizen of the United States, and a resident of Nebraska; I filed upon it with intention to procure it in the same manner as other people did at that time; Mr. Davis, agent of the Union Pacific Railroad Company, called upon me to relinquish; he paid me the amount I paid the United States local land officers to make the filing, about $10." The grant of public lands by congress to the Union Pacific Railroad Company (12 Stat. 492, § 3), is "of five alternate sections per mile on each side of said railroad, on the line thereof, * * * not sold, reserved, or otherwise disposed of, by the United States, and to which a pre-emption or homestead claim may not have attached at the time the line of said road is definitely fixed."

Poppleton & Wakeley, for plaintiff.
Mr. Baldwin, for defendant.

Before DILLON, Circuit Judge, and DUNDY, District Judge.

DILLON, Circuit Judge. The land in question is embraced in the patent to the plaintiff, introduced in evidence, dated February 23, 1871, and this gives the plaintiff the legal title thereto, unless the same was land which had been sold, reserved, or otherwise disposed of by the United States, or to which a pre-emption or homestead claim may have attached at the time the line the plaintiff's road was definitely fixed.

The defendant claims that the land was excepted out of the grant made by the act of July 1, 1862, because before and at the time the line of the plaintiff's road was definitely fixed, there was a homestead claim thereto in favor of one Peter Hugus.

If you find, from the evidence, that Peter Hugus never saw this land, never made any improvements thereon, and never intended to make any, or to comply with the provisions of the homestead act as to settlement, occupation, and improvement of it, and never did anything except to file an application for an entry, and that he afterwards relinquished all right to the plaintiff, then we instruct you, as a matter of law, that no homestead claim attached to the land in favor of Hugus, and that the land would be embraced in the grant to the plaintiff, made by the said act of July 1, 1862, and conveyed by the patent to the plaintiff, which has been introduced in evidence.

NOTE. The jury found for the plaintiff, and the court rendered judgment upon the verdict and signed a bill of exceptions.

For construction of congressional railroad land grant: Schulenburg v. Harriman [Case No. 12,486].

---

UNION PAC. RY. CO. (ROSS v.). See Case No. 12,080.

---

1 [Reported by Hon. John F. Dillon, Circuit Judge, and here reprinted by permission.]